IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL A. SNEDGEN,
4317 Brookside Drive
Alexandria, VA 22312

    *Plaintiff*,

v.

HOWMEDICA OSTEONICS
CORPORATION d/b/a STRYKER
ORTHOPAEDICS,
325 Corporate Drive
Mahwah, NJ 07430

    *Defendant*.

Case No.: 1:19-cv-1707

## COMPLAINT

Plaintiff, Michael A. Snedgen, submits this Complaint and moves this Court for judgment against Defendant, Howmedica Osteonics Corporation d/b/a Stryker Orthopaedics, on the grounds and in the amount set forth below:

### PARTIES

1. Plaintiff is a resident of the Commonwealth of Virginia.

2. Defendant is a New Jersey corporation that maintains its principal place of business at 325 Corporate Drive, Mahwah, NJ 07430.

3. Defendants conducts business under the fictitious name Stryker Orthopaedics.

### JURISDICTION

4. This Court has subject-matter jurisdiction under 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000 and is between citizens of different States.

1

5. This Court has personal jurisdiction under D.C. Code § 13-424(a)(1) because the claims arise from Defendant transacting business in the District of Columbia.

6. Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this claim occurred in the District of Columbia.

**FACTS**

7. On February 22, 2012, Plaintiff had a procedure performed at MedStar Washington Hospital Center in the District of Columbia.

8. The procedure included a revision of the rotation hinge and distal femoral component of the right knee.

9. During the procedure, an MRH tibial bearing component was implanted with identifying numbers/letters "6481-2-103" and "023225D" (the "Component").

10. Defendant manufactured the Component.

11. In November 2016, Plaintiff suddenly experienced severe right knee/thigh pain with no history of trauma.

12. Plaintiff went to the hospital because of the pain.

13. On November 29, 2016, Dr. Brock Adams operated on Plaintiff at Washington Hospital Center.

14. Dr. Adams observed an obvious fracture obliquely through the rotating platform of the Component.

15. The Component's fracture caused it to fail, which injured Plaintiff manifested by the sudden onset of pain and need to have the Component surgically removed.

16. The Component fractured due to a manufacturing defect.

17. The manufacturing defect was due to improperly cooling the material molded to form the Component.

18. As a result of the improper cooling, the Component was brittle and not fit for its designed purpose.

19. The brittle nature of the Component made it highly susceptible to fracturing under ordinary, reasonable, and foreseeable use.

20. The Component fractured because it was brittle.

21. By manufacturing and selling the Component, Defendant knew it was likely that the Component would be implanted into a patient.

22. By manufacturing and selling the Component, Defendant represented to all potential patients, including Plaintiff, that the Component

   a) had certain uses, including that it could be used in a knee prosthetic without injuring the patient;

   b) had certain benefits, including that it would medically benefit the patient and would not injure him; and

   c) was of a particular quality, including that it was strong enough so that it would not fracture under ordinary, reasonable, and foreseeable use.

23. The Component did not have the uses, benefits, or quality stated in Paragraph 22.

## COUNT I—STRICT LIABILITY

24. Paragraphs 1 through 23 are incorporated.

25. Defendant manufactured the Component and was engaged in the business of selling it.

26. Defendant manufactured the Component with a defect that made it unreasonably dangerous.

27. When it was sold, the Component had a defect that made it unreasonably dangerous.

28. The Component's defect was that it was brittle and therefore susceptible to fracturing because of how it was cooled.

29. The unreasonably dangerous defect caused the Component to fracture, which in turn injured Plaintiff.

30. As a result of the fracture, Plaintiff was injured and sustained damages recoverable at law.

### COUNT II—VIOLATION OF THE D.C. CONSUMER PROTECTION ACT

31. Paragraphs 1 through 23 are incorporated.

32. Defendant manufactured the Component and offered it to potential patients like Plaintiff.

33. By manufacturing and selling the Component, Defendant represented to Plaintiff that the Component had certain uses and benefits and was of a particular quality.

34. The Component did not have the uses or benefits represented by Defendant, nor was it of the quality represented by Defendant.

35. The Component was not, in fact, of the particular standard or quality in that it was defective and broke after implanted.

36. As a result of Defendant's representations, Plaintiff was injured and sustained damages recoverable at law.

**PRAYER FOR RELIEF**

Plaintiff, Michael A. Snedgen, moves this Court for relief and judgment against Defendant, Howmedica Osteonics Corporation d/b/a Stryker Orthopaedics, as follows:

(A) Compensatory damages in the amount of five million dollars ($5,000,000.00).

(B) The compensatory damages trebled for Count II pursuant to D.C. Code § 29-3905(k)(2).

(C) Punitive damages in the amount of five million dollars ($5,000,000.00) for Count II pursuant to D.C. Code § 29-3905(k)(2).

(D) Reasonable attorneys' fees for Count II pursuant to D.C. Code § 29-3905(k)(2).

(E) Interest from the date of injury until the date the judgment is fully satisfied.

(F) Costs incurred in this case.

(G) Any other relief that may be necessary or appropriate or that this Court deems just.

**JURY DEMANDED**

Plaintiff demands a trial by jury on all issues.

    MICHAEL A. SNEDGEN
    By Counsel

SICKELS, FREI & MIMS, L.L.P.

_____/s/_____
Gary B. Mims, Esq. (D.C. Bar No. 416030)
Matthew C. Perushek, Esq. (D.C. Bar No. 1600195)
3925 Chain Bridge Road, Suite 402
Fairfax, VA 22030
Telephone: (703) 925-0500
Facsimile:   (703) 925-0501
gary.mims@sfmlawyers.com
matthew.perushek@sfmlawyers.com
*Counsel for Plaintiff*