# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL A. SNEDGEN, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 19-1707 (ABJ) |
| HOWMEDICA OSTEONICS CORPORATION d/b/a STRYKER ORTHOPAEDICS, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Plaintiff Michael A. Snedgen brought this action against Howmedica Osteonics Corporation d/b/a/ Stryker Orthopaedics alleging that the company is strictly liable for an alleged manufacturing defect in a medical component that was implanted in plaintiff's right knee, Compl. [Dkt. # 1] ¶¶ 24–30, and that the defendant violated the District of Columbia's Consumer Protection Procedures Act, D.C. Code § 28-3901, *et seq*. Compl. ¶¶ 31–36. Plaintiff seeks compensatory damages, punitive damages, and other forms of relief for an injury he attributes to a defective part. Compl. at 5.

Defendant moved to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Def.'s Mot. to Dismiss [Dkt. # 8] ("Def.'s Mot."); Def.'s Mem. in Supp. of Def.'s Mot. to Dismiss [Dkt. # 8-1] ("Def.'s Mem.") at 7. Plaintiff has withdrawn the state consumer protection law claim in response to the motion, *see* Pl.'s Mem. in Opp. to Def.'s Mot. [Dkt. # 9] ("Pl.'s Opp.") at 6, and the Court finds that the allegations in Count I, the products liability claim, are sufficient to move forward. Defendant's motion will therefore be denied as to

Count I, but this ruling should not be read to express any point of view on the question of whether plaintiff will be able to prove his allegations at the end of the day.

## BACKGROUND

On February 22, 2012, plaintiff underwent knee surgery at MedStar Washington Hospital Center in the District of Columbia. Compl. ¶¶ 7–8. During the procedure, an "MRH tibial bearing component," manufactured by defendant (the "Component"), was implanted in plaintiff's right knee. Compl. ¶¶ 9–10. By November 2016, plaintiff began experiencing severe right knee / thigh pain. Compl. ¶ 11.

On November 29, 2016, plaintiff had another operation during which the doctor "observed an obvious fracture obliquely through the rotating platform of the Component." Compl. ¶ 14. The complaint alleges that the component had failed as a result of the fracture, and that this caused the plaintiff to suffer the pain and injury requiring the second operation. Compl. ¶ 15.

On June 12, 2019, plaintiff sued the defendant manufacturer, alleging that it is strictly liable for manufacturing an "unreasonably dangerous" item. Compl. ¶ 26. Defendant has moved to dismiss the complaint for failure to state a claim, Def.'s Mot.; Def.'s Mem., and the matter is fully briefed.[1] Defendant asserts that plaintiff "has offered no factual allegations explaining why or how his theory of defect could be correct," and that the complaint is too skeletal and conclusory to state a claim. Def.'s Mem. at 7.

## STANDARD OF REVIEW

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*,

---

1     *See* Pl.'s Opp.; Def.'s Reply to Pl.'s Opp. [Dkt. # 10].

556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In *Iqbal*, the Supreme Court reiterated the two principles underlying its decision in *Twombly*: "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. And "[s]econd, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. at 679, citing *Twombly*, 550 U.S. at 556.

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*., quoting *Twombly*, 550 U.S. at 556. A pleading must offer more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action," *id*., quoting *Twombly*, 550 U.S. at 555, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

In evaluating a motion to dismiss under Rule 12(b)(6), a court must "treat the complaint's factual allegations as true and must grant plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'" *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000) (internal citation omitted), quoting *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979); *see also Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011), quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005). Therefore, when considering a motion to dismiss, a court must construe a complaint liberally in the plaintiff's favor. *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994), citing *Schuler*, 617 F.2d at 208. Nevertheless, a court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint, nor must a court accept plaintiff's legal conclusions. *Id*.; *see also Browning v.*

3

*Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). In ruling upon a motion to dismiss for failure to state a claim, a court may ordinarily consider only "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002), citing *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624–25 (D.C. Cir. 1997).

**ANALYSIS**

The District of Columbia Court of Appeals has instructed that "[t]o establish strict liability in tort, a plaintiff must establish that the defendant sold the product in question in a defective and unreasonably dangerous condition." *Warner Fruehauf Trailer Co., Inc. v. Boston*, 654 A.2d 1272, 1276 (D.C. 1995). Taking the factual allegations contained in the complaint as true as the Court is required to do, the Court finds that plaintiff has alleged sufficient facts to support a reasonable inference that the defendant is liable under this theory.

The complaint sets out the identifying numbers and letters found on the Component implanted in plaintiff's knee, and it alleges that defendant manufactured that part. Compl. ¶¶ 9-10. Plaintiff describes the fracture observed by his doctor, and he specifies what allegedly caused the Component to fail: defendant improperly cooled the material that was used to form the Component. Compl. ¶¶ 14; 17. Plaintiff claims that due to the allegedly improper cooling, the Component was "brittle and not fit for its designed purpose" because it was more susceptible to breakage. Compl. ¶¶ 28–29. Based on these facts, plaintiff alleges that: 1)"[d]efendant manufactured the Component with a defect that made it unreasonably dangerous;" and 2) [w]hen it was sold, the Component had a defect that made it unreasonably dangerous. Compl. ¶¶ 26–27.

While more will be required to survive summary judgment, there is enough in the complaint to state a plausible claim for relief. Plaintiff points to several products liability cases

4

that were dismissed, but those were considerably more deficient.  For example, in *Aston v. Johnson & Johnson*, the court granted a motion under Rule 12(b)(6) because "the amended complaint [contained] nothing more than conclusory statements," including "no facts 'that would appear to relate to manufacturing defects . . . .'"  248 F. Supp. 3d 43, 53 (D.D.C. 2017), quoting *Rollins v. Wackenhut Servs.*, 802 F. Supp. 2d 111, 122 (D.D.C. 2011).  And in *Wright v. Howmedica Osteonics Corp.*, the Eleventh Circuit affirmed a lower court's ruling that the plaintiff failed to state a claim for a manufacturing defect because "none of the statements in the [Second Amended Complaint] allege in what way the product was defective," and the plaintiff's allegation that she experienced pain after a surgery during which the product was implanted "could perhaps speak to causation, but d[id] not inform [the court] how the product was allegedly defective."  741 Fed. App'x 624, 626 (11th Cir. 2018).

But here, in addition to tracking the elements of a strict liability claim, the complaint identifies a specific defect that caused plaintiff's injury, and it places the cause of that alleged defect at a specific point in the manufacturing process.  Therefore, resolving all inferences in favor of the plaintiff, the allegations are sufficient to state a claim.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is denied.  A separate order will issue.

AMY BERMAN JACKSON
United States District Judge

DATE: March 26, 2020